# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| FREDERICK ROBINSON, ET AL. | PLAINTIFF |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO: 3:20-CV-00513-HTW-LGI |
| MED TRANS CORP., ET AL. | |
| DEFENDANTS. | DEFENDANT |
| AND | |
| OCHSNER CLINIC FOUNDATION | THIRD-PARTY PLAINTIFF |
| v. | |
| ARCH SPECIALTY INSURANCE COMPANY | THIRD-PARTY DEFENDANT |

## ANSWER AND AFFIRMATIVE DEFENSES OF THIRD-PARTY DEFENDANT ARCH SPECIALTY INSURANCE COMPANY

Third-party defendant Arch Specialty Insurance Company ("Arch") answers the third-party complaint by Ochsner Clinic Foundation ("Ochsner") as follows and raises the following defenses more fully described herein.

**Parties**

1. Admitted in part; denied in part. Arch admits that Ochsner is an defendant in this action and has brought a third-party suit against Arch in this action. Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint and they are therefore denied.

2. Admitted.

3.	Admitted in part; denied in part. Arch admits that Frederick Robinson is named as a plaintiff in this action. Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint and they are therefore denied.

4.	Admitted in part; denied in part. Arch admits that Med-Trans Corporation is named as a defendant in this action. Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint and they are therefore denied.

## Jurisdiction and Venue

5.	The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

6.	The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

7.	Admitted in part; denied in part. Arch admits that it issued an insurance policy to Ochsner, which is in writing and speaks for itself. Arch denies any characterization contrary to its express terms. The remaining allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

8.	Admitted.

9.	The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

10.	The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

**Facts**

11.     Admitted in part; denied in part.  Arch admits that it issued insurance policy No. PLP0060480-02 to Ochsner.  Arch further admits that Ochsner attached a copy of the Arch Policy issued to Ochsner as an Exhibit to its third-party complaint.  The Arch Policy is in writing and speaks for itself, and Arch denies any characterization of that document contrary to its express terms.  The remaining allegations of paragraph 11 are denied.

12.     Admitted in part; denied in part.  Arch admits that the Arch Policy provides coverage, if at all, under its Healthcare General Liability Coverage Form on a claims-made and reported basis.  The Arch Policy is in writing and speaks for itself, and Arch denies any characterization of that document contrary to its express terms.  The remaining allegations of paragraph 12 are denied.

13.     Admitted in part; denied in part.  Arch admits that it issued insurance policy No. PLP0060480-02 to Ochsner.  Arch further admits that Ochsner attached a copy of the Arch Policy issued to Ochsner as an Exhibit to its third-party complaint.  The Arch Policy is in writing and speaks for itself, and Arch denies any characterization of that document contrary to its express terms.  The remaining allegations of paragraph 13 are denied.

14.     Admitted in part; denied in part.  Arch admits that Frederick Robinson and others have sued Ochsner in this action.  Those pleadings are in writing and speak for themselves, and Arch denies any characterizations contrary to their express terms.  Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint, and they are therefore denied.

15.     Admitted in part; denied in part.  Arch admits that Ochsner is a defendant in this action.  The pleadings setting forth the allegations against Ochsner are in writing and speak for

themselves, and Arch denies any characterizations contrary to their express terms.  Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint, and they are therefore denied.

16.     Admitted in part; denied in part.  Arch admits that Ochsner is a defendant in this action.  The pleadings setting forth the allegations against Ochsner are in writing and speak for themselves, and Arch denies any characterizations contrary to their express terms.  Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the third-party complaint and they are therefore denied.

17.     Admitted in part; denied in part.  Arch admits that Ochsner provided notice of the Robinson lawsuit on or about August 13, 2020 and that Arch acknowledged notice on August 17, 2020 and reserved its rights.  The remaining allegations of this paragraph of the third-party complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, these allegations are denied.

18.     Admitted in part; denied in part.  Arch admits that it sent an email on September 15, 2020 confirming that coverage was not available under the Arch Policy.  That communication is in writing and speaks for itself, and Arch denies any characterization contrary to its express terms.  The remaining allegations of paragraph 18 are denied.

19.     Admitted in part; denied in part.  Arch admits that it sent correspondence dated September 16, 2020 acknowledging notice and reserving its rights under Policy No. UHE005598106.  That correspondence and policy are in writing and speak for themselves, and Arch denies any characterization contrary to their express terms.  The remaining allegations of paragraph 19 are denied.

20. Admitted in part; denied in part. Arch admits that it sent correspondence dated October 12, 2020 denying coverage under the Arch Policy. That correspondence is in writing and speaks for itself, and Arch denies any characterization contrary to its express terms. The remaining allegations of paragraph 20 are denied.

## COUNT ONE – BREACH OF CONTRACT

21. Arch incorporates its responses set forth in paragraphs 1-20 of this answer as if fully set forth herein.

22. Admitted in part; denied in part. Arch admits that it issued insurance policy No. PLP0060480-02 to Ochsner for which Ochsner paid a premium. That Policy is in writing and speaks for itself and Arch denies any characterization contrary to its express terms. The remaining allegations of paragraph 22 are denied.

23. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

24. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

25. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

26. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

**COUNT TWO – BAD FAITH**

27. Arch incorporates its responses set forth in paragraphs 1-26 of this answer as if fully set forth herein.

28. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

29. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

30. Admitted in part; denied in part. Arch admits that it has not made payment to Ochsner under the Arch Policy given the absence of coverage. The remaining allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

31. Admitted in part; denied in part. Arch admits that it sent correspondence reserving its rights under Policy No. UHE005598106 and denying coverage under the Arch Policy. That correspondence is in writing and speaks for itself, and Arch denies any characterization contrary to its express terms. Arch denies the remaining allegations in paragraph 31.

32. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied. By way of further answer, the Arch Policy is in writing and speaks for itself, and Arch denies any characterization contrary to its express terms.

33. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

34. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## COUNT THREE – ALTERNATIVE NEGLIGENT DENIAL

35. Arch incorporates its responses set forth in paragraphs 1-34 of this answer as if fully set forth herein.

36. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

37. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied.

## DAMAGES

38. The allegations in this paragraph of the third-party complaint are conclusions of law to which no response is required. To the extent a response is required, these allegations are denied. Arch specifically denies that Ochsner is entitled to any damages whatsoever.

## AFFIRMATIVE DEFENSES

Arch sets forth the following to apprise Ochsner of certain potentially applicable defenses. Arch reserves the right to modify any defenses and to assert any additional defenses. By listing any matter as an affirmative defense, Arch does not assume the burden of proving any matter upon which Ochsner bears the burden of proof under applicable law.

### FIRST AFFIRMATIVE DEFENSE

Ochsner's third-party complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Ochsner's demands are barred under the Arch Policy, in whole or in part, by the terms, exclusions, conditions and/or limitations contained or incorporated in the Arch Policy and by application of law and principles of equity, all of which are reserved and none of which are waived.

### THIRD AFFIRMATIVE DEFENSE

Ochsner's demands are barred by Endorsement No. 9 to the Arch Policy, which limits coverage to physicians rendering "healthcare professional services" outside of Louisiana or to a patient outside of Louisiana. That endorsement provides:

> Ochsner Clinic Foundation and their subsidiaries is covered only for "claims" arising from "healthcare professional services" provided outside the state of Louisiana (including telemedicine) or when the patient is outside of Louisiana, *regardless of where the physician is located*. (emphasis added).

### FOURTH AFFIRMATIVE DEFENSE

Ochsner's demands are barred because the Robinson lawsuit is not a "claim" first made during the policy period of October 1, 2019 to October 1, 2020.

**FIFTH AFFIRMATIVE DEFENSE**

Ochsner's demands are barred because Ochsner failed to provide timely notice of the "claim" or circumstance likely to result in the "claim" at issue in this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

Ochsner's demands are barred, in whole or in part, to the extent that Ochsner incurs liability under a contract. Exclusion 5 to the Healthcare Professional Liability Coverage Part, excludes coverage for:

> Injury or damage for which the insured is obligated to pay damages by reason of the assumption of liability in a written contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement including "medical professional injury" resulting from "health care professional services".

**SEVENTH AFFIRMATIVE DEFENSE**

Ochsner's demands are barred, in whole or in part, to the extent Ochsner is deemed liable for any intentional, dishonest, or reckless act or violation of statute. Exclusion 7 to the Healthcare Professional Liability Coverage Part, excludes coverage for:

> Injury or damage arising out of any dishonest, fraudulent or malicious act, including reckless violation of any statute, or any act deemed uninsurable by law, committed by any insured.

**EIGHTH AFFIRMATIVE DEFENSE**

Ochsner's demands are barred because Arch had a legitimate basis for denying coverage and did not recklessly or maliciously disregard Ochsner's rights under the Policy.

**NINTH AFFIRMATIVE DEFENSE**

Ochsner's demands are barred because Arch at all times acted in good faith and conducted an honest coverage evaluation.

## TENTH AFFIRMATIVE DEFENSE

Coverage may be barred, in whole or in part, or otherwise, limited by the common law, statutes, or insurance laws of the state whose laws govern the interpretation, constructions, and/or scope of the Arch Policy.

## RESERVATION OF DEFENSES

Arch reserves the right to modify or assert any defenses that may arise out of the course of discovery or otherwise in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, third-party defendant Arch requests that judgment be entered in its favor and against third-party plaintiff Ochsner, and that the Court award attorneys' fees, costs, and such other relief as the Court deems appropriate.

Respectfully submitted this the 3rd day of May, 2021.

                **ARCH SPECIALTY INSURANCE COMPANY**

                **BY: CARROLL WARREN & PARKER PLLC**

                **BY: /s/ Lee Ann Thigpen**
                      **Lee Ann Thigpen**

**OF COUNSEL:**
Lee Ann Thigpen, MSB #100229
**CARROLL WARREN & PARKER PLLC**
188 E. Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, MS 39215-1005
Telephone: 601-592-1010
Facsimile:  601-592-6060
lthigpen@cwplaw.com

Ronald P. Schiller (*pro hac vice*)
Daniel J. Layden (*pro hac vice*)
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor

Philadelphia, PA 19103
Telephone:	215-568-6200
Facsimile:	215-568-0300
rschiller@hangley.com
dlayden@hangley.com
**ATTORNEYS FOR ARCH SPECIALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I, Lee Ann Thigpen, do hereby certify that a true and correct copy of the above and foregoing has been filed with the Court on this day and a copy of same has been provided to counsel via the Court's ECF system.

This the 3rd day of May, 2021.

/s/ Lee Ann Thigpen<br>
**Lee Ann Thigpen**